JUDGE BAER

13 CIV 2425

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAMOUSSA DARAMEY,

                             Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. SAN FELLIPO
JOHN and JANE DOES 1-10, et al.,

                             Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Demand



Plaintiff Kamoussa Daramey (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States.

**JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is originally from the war torn country of Liberia and arrived in this county as a political refugee in 1997.

7. Plaintiff is employed as yellow-cab driver.

8. Defendants P.O. San Fellipo and John and Jane Does are/were members of the NYPD, acting under the color of state law and are sued in their individual, official and supervisory capacities.

## FACTS

9. On March 27, 2013, at approximately 5 p.m., plaintiff was working his shift as a yellow-cab driver.

10. Plaintiff's yellow-cab was standing at a red-light near Columbus Circle. As plaintiff waited for the light to turn green, he noticed a white woman driving a new Mercedes Benz with Connecticut license plates, drive up next to him.

11. The woman then started to use hand gestures to plaintiff. When plaintiff gestured that he did not hear or understand what she was saying, the woman gave him the middle finger and spit on his cab while remaining inside her car.

12. Plaintiff who remained in the car, rolled down his passenger side window and asked why the woman spit at him. At that point, the woman, threw a plastic water bottle at plaintiff, hitting him.

13. Plaintiff got out of his car and called 911 to report this assault.

14. Shortly thereafter, defendant San Fellipo arrived on the scene and plaintiff told her exactly what happened.

15. At that point, defendant San Fellipo and told plaintiff "what do you want me to do? Stop being a baby." At about the same time, some other white officers arrived on the scene and spoke with the woman in the Mercedes Benz who remained inside her vehicle at all times.

16. The defendant officers then walked up to plaintiff and stated that "you are being arrested for pushing the woman in the Mercedes Benz." Plaintiff stated that the woman never got out of the car, so how could he have pushed her. Besides, plaintiff repeated that the woman assaulted him by throwing a bottle at him and spitting on his car.

17. Defendants told plaintiff "who is the judge going to believe? a white woman from Connecticut driving a nice car, or you a black guy from NYC driving a cab."

18. Defendant San Fellipo then continued mocking plaintiff when he complained about severe pain in his stomach. She then proceeded to tell plaintiff, if he wanted to go to the hospital he would be brought there "in shackles, like a slave, like the old days" and that plaintiff would stay there for four (4) days before being brought back and processed for his arrest.

19. Defendant San Fellipo continued to used derogatory language towards plaintiff and laughed continuously at his accent.

20. Defendant San Fellipo then tightly squeezed handcuffs on plaintiff's wrists causing him excruciating pain. Plaintiff was charged with obstruction of governmental administration.

21. The defendants impounded his car and caused damage to it. Damage that plaintiff was ultimately responsible for to the owner of the cab.

22. Plaintiff was released March 28, 2013 at noon, after spending 18 hours in custody.

23. To this day, plaintiff's employment remains in jeopardy because of this incident.

### AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-Excessive Force/False Arrest)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. There was no probable cause for the unlawful seizure, detention, arrest or the continued incarceration and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. In addition, the force used on plaintiff by the defendants was excessive and beyond reasonable.

26. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure violated and he sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Malicious Abuse of Process)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and their actions constituted malicious abuse of process.

29. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Section 1981)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants falsely arrested plaintiff on a trumped up charge because of his race and color.

32. Defendants discriminated against plaintiff because he was black, and took away his livelihood by impounding his car and his employment with his employer remains in jeopardy because of defendants' conduct.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Rights under the Eighth Amendment)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants' conduct of refusing much needed medical treatment to plaintiff caused plaintiff to suffer unnecessarily and prolonged his pain.

35. Defendants were deliberately indifferent to plaintiff's medical needs and threatened him that he would be treated like a slave if he sough medical treatment.

36. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Selective Enforcement)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants' conduct by ignoring the assault by the white woman against plaintiff and then arresting plaintiff on trumped up charges.

39. Defendants selectively enforced violations against plaintiff by placing him under arrest.

40. As a result of defendants' conduct, plaintiffs suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Equal Protection-First Amendment)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The NYPD defendants by ignoring plaintiff's pleas to investigate the charge of assault against him denied plaintiff the Equal Protection that is guaranteed by the Constitution. Defendants also violated his first amendment rights to access to justice when he was arrested for calling 911 about an assault on him.

43. As a result of defendants' conduct, plaintiffs suffered injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendant John and Jane Doe supervisors ratified plaintiff's arrest without inquiring into the circumstances that led to the arrest and are liable for failing to supervise their sub-ordinates.

47.     As a result of defendants' conduct, plaintiffs suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of Five Hundred Thousand Dollars for each and every cause of action for each of the Plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 11, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
    Robert Blossner (RB0526)
    *Attorneys for Plaintiff*